Whitaker, Judge,
dissenting:
I cannot agree that plaintiff is entitled to two and one-half times his regular pay for work done on holidays. I agree that Section 23 of the Act of March 28, 1934, did not affect these workers’ right to the day rate plus 50 percent for all holiday work; but I cannot agree they are also entitled to holiday gratuity pay. Their rights are governed by Public Kesolution 127, approved June 29,1938 (52 Stat. 1246), and this resolution gives them gratuity pay only when they are “relieved or prevented” from working on a holiday. It does not give them gratuity pay when they do work.
I conceive it to be our duty to abide by what Congress said and not by what we may think it meant to say. Where the language of an act is ambiguous, courts may have recourse to things extraneous of that language to determine the con *215 gressional intent; but where the language is plain, there is no warrant to go beyond it in order to show that Congress did not really mean what it said. Where the words used may mean one thing or another, then we may go behind them to ascertain which of the meanings was actually intended. But where language is susceptible of only one meaning, that meaning must be ascribed to it, even though it may seem strange to us that Congress should have had such an intent.
I think the 1938 resolution is clear and unambiguous and must be taken to mean just what it says. Under it these workers are entitled to receive holiday gratuity pay only when “relieved or prevented from working solely because of the occurrence of a holiday * * *.” 52 Stat. 1246. Since these employees were not prevented or relieved from working on the holidays involved here, but on the contrary they worked on those days, they are not entitled to the gratuity pay in addition to holiday premium pay. The wage agreement provided that they were to receive the day rate plus 50 percent for holiday work “in addition to their gratuity pay for the holiday as provided by law”; but after June 29,1938, gratuity pay was no longer provided by law for workers who actually worked on holidays. They were, however, still entitled to time and one-half, under the wage agreement.
The Resolution of 1938 was intended to correct the situation arising from the President’s order excusing Federal employees from work on December 24,1937. The Comptroller General had ruled that per diem employees could not be paid for that day because it was not one of the holidays specified by existing statutes for which an employee was entitled to gratuity pay. An Act was introduced to give them gratuity pay for that day only, to wit, December 24, 1937, but it was suggested by the Civil Service Commission that it would be better to pass an act applying to all holidays. A draft of such an act was enclosed in its communication to Congress. Congress adopted the suggestion and incorporated it in Public Resolution 127. This resolution gave gratuity pay only for holidays on which employees did not work.
The intention of the first of these resolutions passed in 1885 was to give per diem employees a day’s pay for a holiday. Whereas employees paid on an annual basis re *216 ceived their regular pay whether they worked on a holiday or not, per diem employees did not. The original resolution was intended to put per diem workers on a parity with per annum employees. It was not intended to prefer them over per annum employees. A per annum employee who worked on a holiday received no extra compensation therefor.
The Resolution of 1938 carried out the intent of the original resolution and made it plain that per diem employees were entitled to gratuity pay only when they did not work on a holiday.
I do not agree that the congressional intention was different from the congressional expression.
I would hold that when these employees do not work on a holiday, they are to be paid the holiday gratuity; and that when they do work on a holiday, they are to be paid the day rate plus 50 percent. That is how I read the statutes.
It seems inequitable that an employee who does not work on a holiday should receive a full day’s pay, whereas an employee who is required to work shall be paid only time and a half, or 50 per cent more than is received by the one who does not work; but that is the way I read the statute. It would seem that the employee who is called back to work on a holiday should receive gratuity pay, plus regular pay, but the statute does not so read, and only Congress has the power to correct what does seem to be an inequity.
JoNes, Chief Judge, concurs in the foregoing dissenting opinion.
On a stipulation filed by the parties, in accordance with the above opinion, judgment for the plaintiff, John Stuart Kelly, in the sum of $172.32, was entered May 1,1951.